# OFFICE OF THE ATTORNEY GENERAL
## STATE OF UTAH



## DEREK E. BROWN
### ATTORNEY GENERAL

| Mark E. Burns | Daniel Burton | Douglas Crapo | Stanford E. Purser | Stewart M. Young |
|---|---|---|---|---|
| Civil Deputy Attorney General | Chief Deputy Attorney General & General Counsel | Consumer Protection Deputy Attorney General | Solicitor General | Criminal Deputy Attorney General |

December 30, 2025

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White Courthouse
1823 Stout Street
Denver, CO 80257

Re:  *NetChoice, LLC v. Brown*, No. 24-4100
     Appellants' response to Appellee's Rule 28(j) letter re *NetChoice v. Murrill*,
     No. 3:25-cv-00231-JWD-RLB (M.D. La. Dec. 15, 2025)

Dear Mr. Wolpert,

*NetChoice v. Murrill*, No. 3:25-cv-00231-JWD-RLB (M.D. La. Dec. 15, 2025)
(*Murrill*.Op.) is not persuasive.

First, *Murrill*'s holding that Louisiana's definition is content-based is
distinguishable. Louisiana's law defines social media generally as a service that
allows users "to interact socially . . . within the" platform but then excludes from
that definition platforms where the predominant function is "electronic mail,
streaming, news, sports, entertainment, online shopping or electronic commerce,
or interactive or virtual gaming." *Id*. *Murrill* found Louisiana's particular
combination of definition and exclusions to be content-based.  *Id*. Utah's
definition, in contrast, excludes only (i) email, (ii) cloud storage, and
(iii) document viewing, sharing, or collaboration services, Utah Code § 13-71-
101(14)(b), all of which are functionally different from a social media platform.
So even assuming *Murrill* correctly determined Louisiana's definition "requires
consideration" of content to determine if the interactions are social or for some
other excluded purpose, *Murrill*.Op.62, that analysis does not apply to Utah's
law. Whether a platform is covered under Utah's law depends only on content-
neutral, structural features. Aplt.Br.24-32; Reply.Br.2-11.

Second, *Murrill*'s conclusion that Louisiana's law would also fail intermediate scrutiny was made by the district court following discovery and cross motions for summary judgment analyzing Louisiana's distinct law. *Murrill*.Op.1,17. It reinforces Appellants' argument that the district court should apply intermediate scrutiny in the first instance. Aplt.Br. 39-40; Reply.Br.12-13.

Third, *Murrill's* concerns about Dr. Twenge's expert report are irrelevant. While the court noted certain aspects of Dr. Twenge's report were "troubling," it did so in the context of a strict scrutiny analysis that referred to Louisiana's compelling interest arguments and cited *Brown v. Entertainment Merchants Association*, 564 U.S. 786 (2011)—a strict scrutiny case. *Murrill*.Op.72; Aplt.Br. 44; Reply.Br.13-14. The court did not apply intermediate scrutiny's lighter standard to the declaration. The court's observation that Louisiana's law would fail even intermediate scrutiny focused on tailoring. *Murrill.Op.*73. In any event, Utah's district court can more appropriately weigh arguments about the declarations under an intermediate scrutiny standard on remand. Aplt.Br.39-40.

Best regards,

/s/ Erin T. Middleton
Erin T. Middleton
Deputy Solicitor General

cc:
Scott A. Keller
Steven Paul Lehotsky
Jeremy Evan Maltz
Joshua Paul Morrow
Stanford E. Purser
Lance Sorenson
David N. Wolf
Jeffrey Paul DeSousa
Kevin A. Golembiewski
Darrick W. Monson
Wendy Chu
Aaron David Mackey
Jason M. Groth
Robert Corn-Revere
David W. Rubin