LEHOTSKY KELLER COHN LLP

200 Massachusetts Ave. NW
Washington, DC 20001
Scott A. Keller
scott@lkcfirm.com

December 31, 2025

**Via ECF**

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals
  for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

> RE: *NetChoice, LLC v. Brown*, No. 24-4100,
> Response to Defendants-Appellants' Letter
> Under Fed. R. App. P. 28(j)

Dear Mr. Wolpert:

The Eleventh Circuit's divided, interim stay-posture decision in *CCIA v. Uthmeier*, 2025 WL 3458571 (11th Cir. Nov. 25, 2025), supports many of NetChoice's arguments in this case challenging the Utah Minor Protection in Social Media Act. And the reasons for which Defendants-Appellants cite it are distinguishable from the issues here.

To start, *Uthmeier* concluded that the challenged Florida law "implicate[d] the First Amendment" and "burden[ed] the speech of both minors and adults" by imposing age-verification and parental-consent requirements on a handful of "social media" websites. *Id.* at *3. That confirms what Defendants-Appellants already concede: Each of the Act's provisions are, at

a minimum, subject to intermediate scrutiny. *See* Appellants.Br.39-66; Appellants.Reply.Br.12-35.

Because Florida's law is different from Utah's Act, *Uthmeier*'s application of intermediate scrutiny to that Florida law is inapposite. This Utah Act's coverage provision is content-based, and *Uthmeier* explicitly distinguished its analysis from the district court's analysis of the Utah Act's coverage provision here. *Uthmeier*, 2025 WL 3458571, at *9 n.12 (citing *NetChoice, LLC v. Reyes*, 748 F. Supp. 3d 1105, 1122-23 (D. Utah)) (noting that "other laws and accompanying district court decisions" cited by plaintiffs "are entirely distinct"); *see* NetChoice.Br.18-22.

Even assuming *arguendo* that intermediate scrutiny applied to Utah's Act, Utah's indiscriminate regulation of nearly all "social media" to all minors is much broader than the Florida law that the *Uthmeier* majority concluded was "limited in scope," did "not apply at all to older minors," was "tailor[ed] . . . to the ages of . . . young minors," and "narrow[ed] . . . to [websites] that have evidenced significant usage by children and young teens." 2025 WL 3458571, at *6, *9 n.12; NetChoice.Br.31-34.

In any event, the *Uthmeier* motion panel's decision is non-precedential—even on the Eleventh Circuit, which will soon consider the merits of Florida's appeal. *See* 11th Cir. Rule 27-1(g); *Vann v. Citicorp Sav. of Illinois*, 891 F.2d 1507, 1509 (11th Cir. 1990). In a more recent binding opinion, by contrast, the Eleventh Circuit applied intermediate scrutiny to invalidate a speech-restricting law in *Florida Preborn Rescue, Inc. v. City of Clearwater*, 2025 WL 3484822 (11th Cir. Dec. 4, 2025).

Respectfully submitted,

*/s/ Scott A. Keller*
Scott A. Keller
 *Counsel of Record*
 *for Plaintiff-Appellee*

cc:      All counsel of record via ECF

**CERTIFICATE OF SERVICE**

On December 31, 2025, the foregoing was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Tenth Circuit CM/ECF User's Manual Sec. II.L; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Scott A. Keller*
Scott A. Keller

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this document complies with: (1) the word limit of Fed. R. App. P. 28(j) because this document contains 347 words; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Palatino Linotype) using Microsoft Word (the same program used to calculate the word count).

*/s/ Scott A. Keller*
Scott A. Keller